<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERELL CHRISTOPHER,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN DOE POLICE OFFICERS and OFFICER RODRIGUEZ,<br><br>   Defendants. | Civil Action No. 24-10554 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>December 17, 2024 |

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Jerell Christopher's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) and accompanying application to proceed *in forma pauperis* (D.E. 1-1), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

  **WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because he is presently incarcerated and has no income sources. (D.E. 1-1 at 2–3.) *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** Plaintiff's Complaint allege that his Fourth Amendment rights were violated by three Newark police officers on February 7, 2023 during an arrest that Plaintiff contends was made without probable cause. (Compl. at 6–7.) Plaintiff appears to allege a claim of malicious prosecution but does not provide any information regarding the status or nature of his prosecution. (*Id.*); and

**WHEREAS** Plaintiff asserts there is federal question jurisdiction because he is asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 as a pretrial detainee under federal hold. (*Id.* at 2); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** Plaintiff's Complaint fails to provide a clear statement of what his claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2). Specifically, "[t]o prove malicious prosecution [when the claim is under the Fourth Amendment] . . . a plaintiff must show that: (1)

the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003); *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Additionally, in order to meet the favorable termination element, plaintiff is required to allege that he is innocent of the charges and to allege that "the circumstances-both the offenses as stated in the statute and the underlying facts of the case-indicate that the judgment as a whole" reflects his innocence of the stated charges. *See Kossler*, 564 F.3d at 188. Plaintiff does not allege sufficient facts to support a *Bivens* claim.[1]; therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff will be given thirty days to amend his Complaint; failure to do so may result in the matter being dismissed with prejudice. An appropriate order follows.

                         ___/s/ Susan D. Wigenton_____
                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:    Parties
    James B. Clark, U.S.M.J.

---

[1] Plaintiff does not allege whether the defendant officers are state or federal agents. Because Plaintiff has indicated that he is alleging jurisdiction based on *Bivens* and that he is a federal pretrial detainee, this Court has conducted an analysis under *Bivens* rather than 42 U.S.C. § 1983. To the extent the named defendants are state actors rather than federal officers, Plaintiff's § 1983 claims would likewise be dismissed for failure to state a claim under a similar analysis.